**Carl ADKINS, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 88–3580.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1989.

Decided June 27, 1989.

Roger Daniel Forman (Forman, Kanner and Crane, Charleston, W.Va., on brief), for petitioner.

Richard A. Seid (Jerry G. Thorn, Acting Sol. of Labor, Donald S. Shire, Associate Sol., Washington, D.C., for Black Lung Benefits, Sylvia T. Kaser, Counsel for Appellate Litigation, Karen N. Blank, U.S. Dept. of Labor, Office of the Sol., on brief), for respondent.

Before WINTER, PHILLIPS and MURNAGHAN, Circuit Judges.

HARRISON L. WINTER, Circuit Judge:

In this case we decide whether, after notifying a Black Lung Benefits Act claimant that benefits have been denied pursuant to 20 C.F.R. § 725.410(c), the Department of Labor (DoL) must send to the claimant an additional denial notice pursu-

ant to 20 C.F.R. § 725.409(b) before considering the claim abandoned. We hold that no such additional notice is required.

## I.

Petitioner Carl Adkins filed a claim for benefits under the Black Lung Benefits Act in June 1973. His claim was denied three times by the Social Security Administration and was referred to the DoL in April 1979. After consideration of Adkins' claim, the DoL denied it on October 8, 1980, and sent Adkins a denial letter in which Adkins was advised that he had sixty days either to submit additional evidence or to request a formal hearing. The letter stated: "If you do not take any action within 60 days, your claim will be considered abandoned." The letter also informed Adkins that he could request reconsideration of the denial within one year if his condition changed or a mistake had been made.

Adkins did nothing further until February 5, 1982, when he made an inquiry through counsel as to the status of his claim. The DoL informed him that the claim was considered "administratively closed" as a result of his inaction.

Thereafter, Adkins requested and received a formal hearing before an Administrative Law Judge (ALJ). At the hearing, Adkins conceded that the October 8, 1980, claim denial letter sent to him by the DoL fully satisfied the requirements for such a letter as set forth in 20 C.F.R. § 725.410(c).[1] He argued, however, that in order for his claim to become abandoned after his receipt of the denial letter, the DoL must first comply with the additional procedural requirements of 20 C.F.R. § 725.409.[2] He contended that these procedural requirements were incorporated into § 725.410(c)(1) by the parenthetical reference at the end of that provision. Adkins asserted that the Director's interpretation of the two regulations—that they addressed different situations and were not to be read in conjunction—was not reasonable.

The ALJ rejected Adkins' claim as abandoned. The Benefits Review Board affirmed this decision. Adkins now appeals the denial of his claim by reason of abandonment.

## II.

Our consideration of the issue raised in this case is guided by the recent Supreme Court decision in *Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987). In *Mullins*, the Court held that an agency's reasonable interpretation of its own regulation is enti-

---

1. In pertinent part, § 725.410(c) reads as follows:

§ 725.410 **Initial findings by the deputy commissioner.**

\* \* \* \* \* \*

(c) If the evidence submitted does not support an initial finding of eligibility, the deputy commissioner shall so notify the claimant in writing. This notification shall specify the reasons why the claim cannot be approved, the additional evidence necessary to establish entitlement, the right of the claimant to submit additional evidence, and the right to request a hearing. Within 60 days from the mailing of such notice, unless such period is extended by the deputy commissioner for good cause shown, the claimant may submit new evidence or request a hearing. If the claimant:

(1) Takes no action within the specified 60 day period, the claim shall be considered denied by reason of abandonment (see § 725.409).

2. In pertinent part, § 725.409 reads as follows:

§ 725.409 **Denial of a claim by reason of abandonment.**

(a) A claim may be denied at any time by the deputy commissioner by reason of abandonment where the claimant fails:

(1) To undergo a required medical examination without good cause; or,

(2) To submit evidence sufficient to make a determination of the claim; or,

(3) To pursue the claim with reasonable diligence.

(b) If the deputy commissioner determines that a denial by reason of abandonment is appropriate, he or she shall notify the claimant of the reasons for such denial and of the action which must be taken to avoid a denial by reason of abandonment.... If the claimant does not request a hearing or fully comply with the action requested by the deputy commissioner within 30 days of such notification, the claim shall be considered denied by reason of abandonment, except that a new claim may be filed at any time and new evidence submitted where the requirements of § 725.310 are not met.

tled to "substantial deference" and will be sustained " 'unless it is plainly erroneous or inconsistent with the regulation.' " *Id.* at ——, 108 S.Ct. at 440 (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945)); *see Chevron U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–843 n. 11, 104 S.Ct. 2778, 2781–2782 n. 11, 81 L.Ed.2d 694 (1984). Accordingly, we must determine whether the DoL's interpretation is a reasonable one, is not plainly erroneous, and is consistent with the regulations.

Adkins has made the same arguments before us as he made before the Benefits Review Board, *viz.,* that § 725.409—referred to in the parenthetical at the end of § 725.410(c)(1)—placed upon the DoL a duty to send him an additional notice at the expiration of the sixty days mentioned in the October 8, 1980, § 725.410 notice, at which point he would have thirty days more to respond before denial of his claim by reason of abandonment. Because no such additional notice was sent to him, he contends, his claim cannot be considered abandoned. He again asserts that the Director's interpretation of the regulations is an unreasonable one.

The Benefits Review Board directly addressed this question in *Fetter v. Peabody Coal Co.,* 6 B.L.R. 1–1173 (1984). The Board ruled that the thirty-day period provided for in § 725.409 was not intended as an additional notice requirement, and that the § 725.410(c) notice period satisfied the notice requirements of both regulations. *See Fetter,* 6 B.L.R. at 1–1175.

This result was followed in *Clark v. Director,* 9 B.L.R. 1–205 (1986), which was affirmed on the point in *Clark v. Director, OWCP,* 838 F.2d 197 (6 Cir.1988). In the latter decision, the Sixth Circuit distinguished the two regulations by noting that § 725.409 applies "where the record does not contain sufficient evidence to allow the agency to make a factual determination," while § 725.410 "covers situations where there *is* enough evidence in the record and the appropriate agency *has* made its factual determination." *Clark,* 838 F.2d at 199–

200 (emphases in original). The court accepted the Director's characterization of the cross-reference in § 725.410 as merely a specification that the effect of a denial by reason of abandonment is the same under either regulation. *See id.* at 200.

The Director has proffered these arguments to us. In addition, the Director contends that the use of the past tense in each regulation ("shall be *considered denied* ") further supports the conclusions reached in *Fetter* and *Clark.*

We are persuaded by the Director's defense of his interpretation of the regulations. As the Director notes, it would indeed appear to make little sense for a claim to be "considered denied" twice. Moreover, we think that the distinction noted by the Sixth Circuit in *Clark,* and relied upon by the Director here, is a reasonable means of differentiating between the two regulations. We conclude, then, that the Director's interpretation is reasonable and is neither plainly erroneous nor inconsistent with the language of the regulations. Accordingly, we will not disturb the result reached by the Benefits Review Board. *See Mullins,* 484 U.S. at ——, 108 S.Ct. at ——.

AFFIRMED.