19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
USX CORPORATION, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Molly S. Lambert,
Widow of Alford W. Lambert, Respondents.
 No. 93-1134.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 17, 1993.
Decided March 21, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (89-223-BLA)
 Howard G. Salisbury, Jr., Kay, Casto, Chaney, Love & Wise, Charleston, W.Va., for petitioner.
 Judith E. Kramer, Deputy Solicitor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Michael J. Rutledge, Counsel for Administrative Litigation and Legal Advice, United States Department of Labor, Washington, D.C., for respondent Director; Philip A. LaCaria, LaCaria & Hasen, Welch, W.Va., for respondent Lambert.
 Ben.Rev.Bd.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 U.S.X. Corporation (employer) appeals from a decision of the Benefits Review Board (Board) reversing the administrative law judge's (ALJ) denial of Molly Lambert's application for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-45 (1988). Mrs. Lambert's deceased husband, Alford Lambert, worked in the coal mines for over twenty-seven years, but died on July 19, 1983, from multiple injuries sustained when he was crushed by a tractor in a non work-related accident. The autopsy report left no doubt that Mr. Lambert died from crush injuries, but the prosector, Dr. Pardasani, also found evidence of complicated pneumoconiosis during his examination of Mr. Lambert's lungs. Mrs. Lambert filed her claim for survivor's benefits on October 6, 1986.
 
 
 2
 The ALJ determined that, despite his finding that the miner suffered from complicated pneumoconiosis, Mrs. Lambert was ineligible for survivor's benefits because the miner died from a traumatic injury. The Board reversed and remanded for the entry of an award of benefits, finding that the establishment of complicated pneumoconiosis entitled Mrs. Lambert to benefits. On appeal, employer argues that the ALJ erred by finding the evidence sufficient to establish complicated pneumoconiosis, but correctly determined that even if the miner had the disease, Mrs. Lambert's eligibility for benefits was precluded by the miner's death by traumatic injury. This Court must affirm the findings of the Board unless they are not supported by substantial evidence or are contrary to law. See Wilson v. Benefits Review Bd., 748 F.2d 198 (4th Cir.1984).
 
 
 3
 In order to establish entitlement to survivor's benefits, Mrs. Lambert had to prove that her husband's death was due to pneumoconiosis under the criteria of 20 C.F.R. Sec. 718.205 (1992). Under that regulatory provision, death is considered to be due to pneumoconiosis whenever any of the following criteria is met:
 
 
 4
 (1) Where competent medical evidence established that the miner's death was due to pneumoconiosis, or
 
 
 5
 (2) Where pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or where the death was caused by complications of pneumoconiosis, or
 
 
 6
 (3) Where the presumption set forth at Sec. 718.304 is applicable.
 
 
 7
 (4) However, survivors are not eligible for benefits where the miner's death was caused by a traumatic injury or the principal cause of death was a medical condition not related to pneumoconiosis, unless the evidence establishes that pneumoconiosis was a substantially contributing cause of death.
 
 
 8
 20 C.F.R. Sec. 718.205(c) (1992).
 
 
 9
 Pursuant to section 718.304, the claimant invokes an irrebuttable presumption that the miner's death was due to pneumoconiosis if Xray, autopsy, or biopsy evidence establishes that the miner suffered from complicated pneumoconiosis. See 20 C.F.R. Sec. 718.304 (1992). In this case, Dr. Pardasani specifically diagnosed complicated pneumoconiosis, and stated that in some areas of the miner's lungs, "the fibrosis is massive causing almost mass like lesion." While employer argues that Dr. Pardasani failed to note the presence of nodules greater than one centimeter,[1] such a finding is not required by section 718.304 unless the diagnosis of complicated pneumoconiosis is based on the size of the nodules which appear on X-ray films pursuant to section 718.304(a).
 
 
 10
 Complicated pneumoconiosis may also be established by autopsy evidence finding massive lesions in the lung, pursuant to section 718.304(b). We agree with the Board that the ALJ could rationally infer that Dr. Pardasani found massive lesions based on the quoted language from his report, see Gruller v. Bethlehem Mines, Inc., 16 BLR 1-3 (1991), but note that Dr. Pardasani left no doubt regarding his opinion by also explicitly finding complicated pneumoconiosis. In view of the fact that the record contains no contrary evidence, we conclude that substantial evidence supports the ALJ's finding of complicated pneumoconiosis.
 
 
 11
 Employer further contends, however, that even if the evidence is sufficient to establish complicated pneumoconiosis, the irrebuttable presumption is unavailable to Mrs. Lambert because of section 718.205(c)(4). Employer asserts that this section limits the operation of subsection (c)(3) to cases where the miner did not die from a traumatic injury or condition unrelated to pneumoconiosis. The Respondents, Mrs. Lambert, and the Director, Office of Workers' Compensation Programs (Director), disagree. They contend that subsections (c)(1), (2), and (4) merely define the meaning of the phrase "death due to pneumoconiosis," for cases where subsection (c)(3) does not apply.
 
 
 12
 The Director's interpretation of regulations he is responsible for administering is entitled to "substantial deference" by this Court unless it is plainly erroneous or inconsistent with the regulations. See Shuff v. Cedar Coal Co., 967 F.2d 977, 979 (4th Cir.1992); Adkins v. Director, Office of Workers' Compensation Programs, 878 F.2d 151, 152-53 (4th Cir.1989). We conclude that the Director's interpretation is neither plainly erroneous nor inconsistent with the regulation.
 
 
 13
 Section 718.304 is clearly modeled after section 411(c)(3) of the Black Lung Benefits Act, 30 U.S.C. Sec. 921(c)(3) (1986). The substance of the regulatory provision is identical to the substance of the statutory provision. While employer argues that Congress has not specifically made section 411(c)(3), originally applicable to Part B claims (claims filed on or before December 31, 1973), applicable to Part C claims such as this one, the 1981 Amendments to the Act specifically stated that the provisions of Sec. 411(c)(2), (4), and (5)[2] would no longer apply to Part C claims, but conspicuously did not make the same provision for subsection (c)(3). See Black Lung Benefits Amendments of 1981, Pub.L. 97-119, Sec. 202(b)(1) and (2), 95 Stat. 1643, 1644 (1981). Thus, we conclude that Congress intended that subsection (c)(3) would apply to Part C claims.
 
 
 14
 The Supreme Court has concluded that the irrebuttable presumption of section 411(c)(3) reflects a Congressional decision to award compensation to survivors of miners who suffered from complicated pneumoconiosis, without regard to whether the complicated pneumoconiosis actually resulted in total disability or death. See Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 24. (1976). The court, in rejecting a contention that the presumption violated due process because it precluded the presentation of evidence showing that the disease did not actually result in total disability, found that death or disability were not the only legitimate reasons for compulsory compensation by employers to their employees, and concluded that section 411(c)(3)'s policy of compelling compensation for impairment to the miner's health was, alone, a sufficient justification. Id. at 25.
 
 
 15
 Hence, we find that the ALJ misapprehended the basis for entitlement when he found that the absence of proof that pneumoconiosis actually contributed to the miner's death precluded an award of benefits. Mrs. Lambert had only to prove that her husband suffered from complicated pneumoconiosis in order to establish entitlement.
 
 
 16
 We note that this construction is also most consistent with the plain language of the regulations. Adoption of the employer's view would not only render the "irrebuttable" presumption of section 718.304 rebuttable in traumatic injury cases, but also, under the language of section 718.205(c)(4), open the door to attempts at rebuttal whenever "the principal cause of death was a medical condition not related to pneumoconiosis." See 20 C.F.R. Sec. 718.205(c)(4). The effect of this construction would be to create a plethora of possibilities where a presumption the regulations term "irrebuttable" would become rebuttable.
 
 
 17
 The decision of the Board is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 
 [1]
 Dr. Pardasani noted the presence of nodules between .3 and one centimeter in diameter
 
 
 [2]
 Subsection (c)(5) continued to apply for 180 days after the effective date of the 1981 amendments