**Kenneth W. KISER, Plaintiff,**

v.

**The BOEING COMPANY, Defendant.**

No. 94–1282–FGT.

United States District Court, D. Kansas.

June 29, 1995.

Michael L. Snider, Snider & Seiwert, Wichita, KS, Roger G. Brown, Renee Terese Duffield, Keith Wayne Brunstrom, Roger G. Brown & Associates, Jefferson City, MO, for Kenneth W. Kiser.

Mikel L. Stout, Gaye B. Tibbets, Kelly W. Milligan, Foulston & Siefkin, Wichita, KS, for Boeing Co.

## ORDER

REID, United States Magistrate Judge.

On June 7, 1995, defendant's filed a motion to strike plaintiff's expert report (Doc. 46). Plaintiff filed a response on June 16, 1995 (Doc. 49). A reply brief was filed on June 21, 1995 (Doc. 52).

On December 22, 1994, the court issued its scheduling order in this case. That order required plaintiff to make their expert disclosures no later than February 13, 1995. At no time did plaintiff request an extension of that deadline. April 12, 1995 was the dead-line for discovery. On May 24, 1995, defendant filed a timely motion for summary judgment. On June 1, nearly four months after the deadline for making expert disclosures, plaintiff for the first time provided an expert report. Plaintiff indicates that the report had been completed since March 9, 1995 (one month after the deadline for providing expert reports), but that they had been negligent in failing to provide the report until June 1, 1995.

The failure to provide expert disclosures in a timely fashion in this case is completely inexcusable. Counsel blatantly ignored the order of this court, and failed to seek additional time if such was needed before expert disclosures could be made. Instead, plaintiff waited until a summary judgment motion had been filed, six weeks after the close of discovery, to produce an expert report which plaintiff had been sitting on for three months. There is no doubt in the court's opinion that defendant has been severely prejudiced by the untimely action of the plaintiff. The disclosure of the expert report at this time could require defendant to reopen discovery, obtain their own expert, and file a revised summary judgment motion based on plaintiff's expert disclosures.

On the one hand, the court generally wants to see a case tried on the merits and does not want to see a client penalized for the mistakes of their counsel. On the other hand, the court cannot tolerate unexcused disregard of deadlines set by the court which result in serious prejudice to the other party. The court believes that utilization of the penalties provided for in Fed.R.Civ.P. 16(f) would appropriately balance these competing concerns.

Fed.R.Civ.P. 16(f) states that when a party or their counsel fails to obey a scheduling order, "the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Due to the impact sanctions may have on a party or an attorney's career and their personal well-

being, sanctions should not be lightly imposed. Thus, the basic principle underlying the imposition of sanctions, whether based on Rule 11 or Rule 16, is that the least severe sanctions adequate to serve the purpose should be utilized. While compensation is a main thrust of these rules, an even more important policy is deterrence. In this sense, the rules provide for sanctions, not simply fee shifting. They aim to deter and, if necessary, punish improper conduct rather than merely to compensate the prevailing party. Thus, adequate deterrence may permissibly fall short of full compensation. *Harris v. Marsh,* 679 F.Supp. 1204, 1390 (E.D.N.C.1987), *modified on other grounds,* 123 F.R.D. 204 (1988), *rev'd in part on other grounds,* 914 F.2d 525 (4th Cir.1990), *cert. denied,* 499 U.S. 959, 111 S.Ct. 1580, 113 L.Ed.2d 645 (1991). The rule's mention of attorney's fees does not create an entitlement to full compensation on the part of the opposing party every time a party is entitled to sanctions under the rule. Thus, although the monetary sanction imposed would normally be limited to the reasonable attorney's fees and expenses the opposing parties incur, the court must also consider other factors in arriving at an appropriate sanction. The appropriate sanction should be the least severe sanction adequate to deter and punish the party against whom the sanctions are to be imposed. *White v. General Motors Corp.,* 908 F.2d 675, 683–84 (10th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). The court should consider the following circumstances when determining the monetary sanctions appropriate in a given case, all of which serve as limitations on the amount assessed: 1) reasonableness calculation, 2) minimum to deter, 3) ability to pay, and 4) other factors (i.e., offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved). *Id.* at 684–85. The court will take the above factors into consideration when imposing sanctions pursuant to Rule 16(f). Since the failure to timely provide the expert report is clearly the error of counsel, whatever sanctions are imposed by the court will be imposed against plaintiff's counsel and not the plaintiff.

IT IS THEREFORE ORDERED that the motion to strike is denied.

IT IS FURTHER ORDERED that defendant shall provide to the court an affidavit setting forth the reasonable expenses, including attorney's fees, which they would expect to incur as a result of allowing plaintiff to name their expert and provide a report out of time. The affidavit shall be filed with the court by July 17, 1995. Defendant shall also notify the court in that same pleading if another scheduling conference is needed to provide for additional time for discovery, to name experts, to file a revised summary judgment motion, or for other reasons. Plaintiff shall then have until July 31, 1995 to respond to defendant's pleading and affidavit.