Slip Op. 03- 24

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE GREGORY W. CARMAN, CHIEF JUDGE

|  |  |  |
|---|---|---|
| **FORMER EMPLOYEES OF TYCO ELECTRONICS, FIBER OPTICS DIVISION,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Court No. 02-00152** |
| **UNITED STATES DEPARTMENT OF LABOR,** | : | |
| **Defendant.** | : | |

[Defendant's second Motion for Leave to File Voluntary Remand Results Out of Time is granted. Plaintiffs' Motion for NAFTA-TAA Certification, Reasonable Attorney's Fees, and Dismissal of the Case is denied in part and granted in part. Plaintiffs' claim for NAFTA-TAA Certification and Dismissal is denied. Plaintiffs' request for Reasonable Attorney's Fees is granted.]

*Williams Mullen, P.C.*, (*Jimmie V. Reyna, Francisco J. Orellana*) for Plaintiffs.

*Robert D. McCallum, Jr.*, Assistant Attorney General, *David M. Cohen*, Director, *Lucius B. Lau*, Assistant Director, *John N. Maher*, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *Jay Reddy*, Office of the Solicitor, U.S. Department of Labor, Of Counsel, for Defendant.

## OPINION

**CARMAN, CHIEF JUDGE**: This matter comes before the Court on Defendant's, the United States Department of Labor ("Labor"), second Motion for Leave to File the Remand Results Out of Time and Plaintiffs' Motion for NAFTA-TAA Certification, Reasonable Attorney's Fees, and Dismissal of the Case. This Court has jurisdiction pursuant to 19 U.S.C. § 2395(c) (2000) and 28 U.S.C. 1581(d)(1) (2000). For the reasons set forth below, this Court grants Defendant's second Motion for Leave to File the Remand Results Out of Time. Further, this Court denies

Plaintiffs' claim for NAFTA-TAA Certification and Dismissal of the Case and grants Plaintiffs' request for Reasonable Attorney's Fees.  This action shall proceed as detailed in the order accompanying this opinion.

## BACKGROUND

The parties have stipulated to the facts regarding the motions under consideration by the Court.  (*Timeline Stipulation*, Jan. 29, 2003.)  On August 7, 2002, this Court issued an order granting the parties' Consent Motion for Voluntary Remand to the Secretary of Labor for reconsideration of Plaintiffs' eligibility for certification for North American Free Trade Transitional Adjustment Assistance ("NAFTA-TAA") benefits.  (*Id*. at ¶ 1.)  According to that order, the Remand Results were to be filed with the Court on or before October 7, 2002.  (*Id*. at ¶ 2.)  Labor failed to comply with the Court's order and did not submit a remand determination to this Court on or before October 7, 2002.  Further, Labor did not file a motion for an extension of time on or before October 7, 2002.

On October 17, 2002, Plaintiffs submitted information to Defendant's counsel for use in the remand determination.  (*Id*. at ¶ 3.)  On November 12, 2002, Plaintiffs contacted Defendant to inquire about the status of the remand investigation.  (*Id*. at ¶ 4.)  At that time, Defendant's counsel informed Plaintiffs' counsel that the remand investigation had not started.  (*Id*.)  On November 14, 2002, Defendant filed its first Motion for Leave to File the Remand Results Out of Time.  (*Id*. at ¶ 6.)  Labor requested until January 6, 2003 to file the Remand Results.  (*Id*.)

On December 4, 2002, Plaintiffs filed their Opposition to Defendant's Motion and a Corss-Motion for NAFTA-TAA Certification, Reasonable Attorney's Fees, and Dismissal of the Case.  (*Id*. at ¶ 7.)  On December 13, 2002, Defendant filed its Opposition to Plaintiffs' Cross-Motion.  (Id. at ¶ 8.)  On January 2, 2003, Defendant filed a second Motion for Leave to File

Remand Results Out of Time. (*Id*. at ¶ 9.) This time, Labor requested until January 21, 2003 to file the Remand Results. On January 10, 2003, Plaintiffs filed their Opposition to Defendant's second Motion for Leave to File Remand Results Out of Time. (*Id*. at ¶ 10.) The Remand Results were filed with the Court on January 17, 2003. The parties participated in a telephone conference on January 28, 2003 called by the Court to discuss the pending motions. At the Court's request, Plaintiffs submitted a certified accounting of billable hours expended in response to Labor's Out of Time requests. (*Pls.' Attorney's Fees Submission*, Jan. 30, 2003). The itemized list of billable hours indicates, in separate columns, the date of the billable activity, a brief description of the billable activity, and the hours expended on the billable activity. (*Id*. at 1-3.) Plaintiffs' counsel appears in this action *pro bono*. Using the rates that Plaintiffs' counsel normally charges to clients, the requested attorney's fees amount to $7,457.50 for 48.1 hours worked in response to Defendant's out of time motions. (*Id*.)

**ANALYSIS**

**I.     Defendant's Second Motion for Leave to File the Remand Results Out of Time is Granted and Plaintiffs' Motion for NAFTA-TAA Certification and Dismissal of the Case is Denied.**

The United States Court of International Trade ("USCIT") Rule 6(b)(2) provides that a motion for an extension of time

> "shall be filed prior to the expiration of the period allowed for the performance of the act to which the motion relates (including any previous extension of time); except, when for good cause shown the delay in filing was the result of excusable neglect or circumstance beyond the control of the party."

USCIT R. 6(b)(2) (2002). In accordance with USCIT Rule 1, Rule 6(b)(2) "shall be construed and administered to secure the just, speedy, and inexpensive determination" of this action. USCIT R. 1 (2002).

Defendant filed its first Motion for Leave to File Voluntary Remand Results Out of Time

forty-five days after the Remand Results were due to be filed with this Court. Under Rule 6(b)(2), this Court must determine whether Defendant's delay in filing its motion was due to Defendant's "excusable neglect or circumstance beyond" its control. USCIT R. 6(b)(2). In other cases, this Court has reasoned that a finding of "excusable neglect requires an analysis of 'all relevant circumstances surrounding the party's omission . . . [including] the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *E.I. DuPont De Nemours & Co. v. United States*, 15 F. Supp. 2d 859, 861 (1998) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 308, 395 (1993)).

In support of its first Motion for Leave to File Voluntary Remand Results Out of Time, Defendant contends that it failed to file the Remand Results on time "due to a combination of the following: Labor's Division of Trade Adjustment Assistance is experiencing severe personnel shortages but increased petitions; at present, approximately 10 investigators are responsible for approximately 1000 . . . petitions; Labor is experiencing an increase in . . . petitions because the current economic conditions have resulted in an increase in business closures; Labor is currently implementing a new Trade Act Program, broader in scope than current programs, that must be accomplished by the end of 2002; Labor's Office of the Solicitor, Employment and Training Legal Services Division is also experiencing a personal shortage with an increasing caseload; and administrative oversight." (Def.'s Mot. for Leave to File Voluntary Remand Results Out of Time at 1-2.)

Defendant states that its "need for additional time, out of time, was the result of a combination of personnel, logistical, administrative, workload, economic, and congressional

challenges that formed the inadvertence that ultimately led to the necessity for additional time to complete the investigation and file the results." (Def.'s Opp'n to Pls.' Mot. for Certification, Attorney's Fees, and Dismissal of the Case ("Def.'s Opp'n Br.") at 3.) Specifically, Defendant states "administrative oversight" as the reason its Motion for Leave to File the Remand Results Out of Time was filed forty-five days after the Court's due date. (*Id*. at 4.)

To explain its second Motion for Leave to File Remand Results Out of Time, Defendant contends that "despite Labor's diligent efforts to complete the investigation, unforeseen events have prevented Labor from obtaining information necessary for a complete investigation." (Def.'s [second] Mot. for Leave to File Voluntary Remand Results Out of Time at 1.)

Plaintiffs contend that Defendant's arguments do not demonstrate excusable neglect or circumstances beyond the control of the party as required by Rule 6(b)(2). (Mem. of P. & A. in Opp'n of Def.'s Mot. for Leave to File Remand Results Out of Time and In Supp. of Cross-Mot. for NAFTA-TAA Certification of Former Tyco Employees and Reasonable Attorney's Fees ("Pls.' Br.") at 10-11.) Plaintiffs contend that personnel shortages, administrative oversights, and increased workloads do not rise to the level of excusable neglect or circumstances beyond Defendant's control. (*Id*.) Plaintiffs contend that this Court should not grant Defendant leave to file the Remand Results out of time. (*Id*. at 11-12.)

In their Cross-Motion, Plaintiffs ask this Court to certify Plaintiffs as eligible to receive NAFTA-TAA benefits based upon the current record before the Court. (*Id*. at 12.) Plaintiffs contend that this case is similar to a prior case in which this Court ordered Labor to certify the plaintiffs after Labor failed to conduct an adequate investigation on remand. (*Id*. at 13 (citing *Former Employees of Barry Callebaut v. Herman*, No. 00-05-00202, slip op. at 25 (Ct. Int'l Trade Aug. 30, 2002).) In this case, Plaintiffs argue that Labor "not only ignored the Court's

[o]rder to conduct an adequate investigation and to submit remand results by a certain date," Labor "never even started the remand investigation" within the time specified in the Court's order. (Pls.' Br. at 13.)

As previously stated, USCIT Rule 6(b)(2) provides that a motion for an extension of time "shall be filed prior to the expiration of the period allowed for the performance of the act to which the motion relates . . . except, when for good cause shown the delay in filing was the result of excusable neglect or circumstance beyond the control of the party." USCIT R. 6(b)(2). This rule must be construed "to secure the just, speedy, and inexpensive determination" of this action. USCIT R. 1. This Court finds that Defendant's delay in filing was a result of excusable neglect. In so finding, this Court stresses that "administrative oversight" is barely excusable, and "personnel shortages" and "increased workloads" are weak reasons to justify a delayed filing. Because the Court finds that Labor did not act in willful disregard for the process of the Court and that the Remand Results are necessary to secure just results, Defendant's second Motion for Leave to File the Remand Results Out of Time is granted.

This Court declines to order certification of Plaintiffs. Under the circumstances, granting Plaintiffs' Motion for Certification based upon the current record before the Court would not be just. This was the first voluntary remand to the Department of Labor for reconsideration of Plaintiffs' petitions. The voluntary remand was agreed to by the parties because the underlying investigation contained in the current record was inadequate. The Remand Results, based upon additional investigation, are necessary to this Court's review of Plaintiffs' claim and therefore, Plaintiffs' Motion for NAFTA-TAA Certification and Dismissal of this case is denied.

## II.     Plaintiffs' Motion for Reasonable Attorney's Fees is Granted.

Under USCIT Rule 16(f), if a party fails to comply with a scheduling order of this Court, "the judge shall require the [noncomplying] party . . . to pay the reasonable expenses incurred because of any noncompliance with [a scheduling order], including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." USCIT R. 16(f). Here, the Court finds that Labor's noncompliance was not substantially justified and therefore, grants Plaintiffs' request for reasonable attorney's fees.

Rule 16(f) sanctions for noncompliance are presumptively appropriate. The rule specifically states that the Court shall require the noncomplying party to pay reasonable expenses incurred <u>unless</u> the party's noncompliance was "substantially justified." USCIT R. 16(f). USCIT Rule 16 is modeled after the Federal Rules of Civil Procedure's ("FRCP") Rule 16. FED. R. CIV. P. 16 (2002). When the Court's rules are materially the same as the FRCP, the Court has found it appropriate to consider decisions and commentary on the FRCP in interpreting its own rules. *See Tomoegawa (U.S.A.), Inc. v. United States*, 763 F. Supp. 614, 617 (Ct. Int'l Trade 1991) ("[I]t is without question that this court may look to the decisions and commentary on the Federal Rules in the interpretation of its own rules.") (citations omitted). USCIT Rule 16(f) is virtually identical to Rule 16(f) of the FRCP. *See* FED. R. CIV. P. 16.

The Advisory Committee Notes following FRCP Rule 16 state that "explicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management." FED. R. CIV. P. 16 advisory committee's notes. Negligent failure to comply with an order of the court is sufficient for sanctions under FRCP Rule 16(f). 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 16.91 (3rd ed. 1999); *see also Harrell v. United States*, 117 F.R.D.

86, 89 (E.D.N.C. 1987) (imposing Rule 16(f) sanctions even where counsel's conduct was "excusable and, at most, negligent") (cited with approval in *Martin Family Trust v. Neco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999); *Wellmore Coal Corp. v. Stiltner*, 81 F.3d 490, 496 n.8 (4th Cir. 1996)).  "[T]here is no good faith exception to the requirement of obedience to a court order."  *Go-Video v. Motion Picture Ass'n of Am.*, 10 F. 3d 693, 695 (9th Cir. 1993) (citing *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)).

Plaintiffs move for sanctions under Rule 16(f) against Defendant in the form of reasonable attorney's fees.  (Pls.' Br. at 13-14.)  Plaintiffs contend that the facts surrounding Defendant's violation of the Court's order support sanctioning Defendant.  (*Id*. at 14.)  Plaintiffs contend that several factors weigh in favor of sanctions including the following: 1) Labor failed to initiate any investigation during the remand period established by the Court; 2) Even after Plaintiffs submitted unsolicited information to aid the investigation, Labor failed to take any action for more than a month; 3) Defendant did not take any action until contacted a second time by Plaintiffs' counsel; 4)  Labor did not seek leave to file the remand results until forty-five days after the Court's deadline expired; 5) Labor sought a second leave to file out of time after it failed to take action to complete the investigation within the first requested time period.  (*Id*. at 14; *Timeline Stipulation* at ¶¶ 2-4, 6, 9.)

In its opposition brief, Defendant contends that "Labor's noncompliance with the original deadline to file the remand results is substantially justified, for the reasons discussed above, and an award of expenses in this case would not be just in light of the facts and circumstances that reasonably explain Labor's failure to meet the deadline."  (Def.'s Opp'n Br. at 8.)

As discussed above, the Court agrees that Labor's noncompliance with the Court's order was a result of the negligence of both Defendant's counsel and the Department of Labor. However, this is not enough to satisfy the "substantially justified" benchmark set forth in Rule 16(f) nor do the circumstances indicate that an award of sanctions would be unjust.

In *Former Employees of Hewlett-Packard v. United States*, this Court declined to award attorney's fees for a defendant's failure to comply with the Court's scheduling order. 17 CIT 328, 330 (1993). In *Hewlett-Packard*, the Court found that the defendant's noncompliance was substantially justified under Rule 16(f). *Id.* In reaching its conclusion, the Court emphasized that the defendant's reason for missing the filing deadline was that a secretary had "inadvertently omitted distributing the last page of the order, which contained the instruction to complete and submit the remand results" by a certain date. *Id.* at 329. The Court found that such circumstances were enough to substantially justify the defendant's noncompliance. *Id.* at 330.

The facts behind Labor's noncompliance in this case are distinguishable from those in *Hewlett-Packard*. Unlike the circumstance in *Hewlett-Packard*, the Defendant was fully aware at all times that the Remand Results were to be filed with this Court on or before October 7, 2002. Even with this knowledge, Defendant failed to initiate <u>any</u> investigation during the remand period ordered by the Court. (*Timeline Stipulation* at ¶ 4.) Additionally, Labor waited forty-five days after the Court's deadline had passed, and almost one month after Plaintiffs' counsel had sent unsolicited information to aid the investigation, to seek leave to file the Remand Results out of time. (*Id.* at ¶¶ 2-3.) While that motion was under consideration by the Court, Defendant submitted its second motion for leave after it had failed to take the necessary steps to complete the investigation within the first requested time frame. The Court also considers the fact that Plaintiffs' counsel is appearing *pro bono* and has had to respond to Labor's two unnecessarily

delinquent motions. Labor is reminded that it is obliged to "conduct [its] investigation with the utmost regard for the interests of the petitioning workers." *Stidham v. United States Dep't of Labor*, 669 F. Supp. 432, 453 (1987) (citations omitted). Labor's obligation includes conducting timely investigations on remand and obeying the Court's scheduling orders. Under these circumstances, this Court finds that Defendant's noncompliance with the Court's order was not substantially justified. Therefore, Plaintiffs' request for Reasonable Attorney's Fees is granted.

The Court considers several factors in determining the amount of attorney's fees to award as sanctions against Defendant. Among the considerations are the reasonableness of the fees requested, the minimum that will serve to adequately deter the undesirable behavior, the severity of the violation, and the level of malice or bad faith. 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 16.92 (3rd ed. 1999). Additionally, the Court considers whether the fault lies with the client or with counsel. *Id*. Rule 16(f) "does not create an entitlement to full compensation." *Kiser v. Boeing Co.*, 163 F.R.D. 13, 15 (D. Kan. 1995) ("[T]he basic principle underlying the imposition of sanctions . . . based on . . . Rule 16, is that the least severe sanctions adequate to serve the purpose should be utilized."). The purpose of Rule 16(f) sanctions is to deter undesirable conduct, not to fee shift. *Id*.

A review of Plaintiffs' counsel's submission indicates that Plaintiffs' counsel spent 48.1 hours working on their responses to Labor's two out of time requests. (*Pls.' Attorney's Fees Submission*, at 1-3.) The Court finds that Plaintiffs' representation of the amount of time required to respond to Labor's two motions is not excessive or wasteful. At the hourly rates normally charged by Plaintiffs' counsel, the total attorney's fees amount to $7.457.50. (*Id*. at 3) In breaking down the total fees requested, Plaintiffs' counsel charged $310 per hour for the work that the partner performed (4.6 hours); $140 per hour for the associate's work (42.2 hours); and

$95 per hour for paralegal fees (1.3 hours). The Court finds that the hourly rates charged by Plaintiffs' counsel are also reasonable and are in line with those rates for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1993); *see also D&M Watch Corp. v. United States*, 795 F. Supp. 1172, 1178-1179 (Ct. Int'l Trade 1992) ("the requested rate of $300 per hour [for partners]. . . is not unreasonable"; "$195 is not an unreasonable hourly rate [for associates]"); *Humane Soc'y of the U.S. v. Bush*, 159 F. Supp. 2d 707, 712 (Ct. Int'l Trade 2001) ("$75 per hour is a reasonable rate [for a paralegal's services]").

Although Plaintiffs' submitted fees are reasonable, the Court finds that other factors weigh in favor of reducing the amount of the sanctions against Defendant. There is no indication of bad faith or malice on the part of Defendant's counsel or the Department of Labor. On the other hand, the Court notes that the Department of Labor failed to initiate any remand investigation during the time allotted by the Court's order, even after Plaintiffs' counsel contacted Defendants to inquire about the status of the investigation. Additionally, the Department of Labor was unable to complete the remand investigation within the time requested in the first motion for leave and Plaintiffs' counsel, appearing *pro bono*, was forced to respond to a second motion for leave. Considering the delinquent remand investigation that predicated the out of time motions, the Court finds that the Defendant, the Department of Labor, shall bear the sanctions. This Court awards attorney's fees to Plaintiffs in the amount of $3,728.75, one half of the amount requested.

### CONCLUSION

Defendant's second Motion for Leave to File Voluntary Remand Results Out of Time is granted. Plaintiffs' Motion for NAFTA-TAA Certification, Reasonable Attorney's Fees, and

Dismissal of the Case is denied in part and granted in part. Plaintiffs' claim for NAFTA-TAA

Certification and Dismissal is denied. Plaintiffs' request for Reasonable Attorney's Fees is

granted. Defendant shall pay Plaintiffs an award of attorney fees in the amount of $3,728.75

within sixty (60) days of this order.


_____
Gregory W. Carman,
Chief Judge


Dated: March          , 2003
         New York, New York